NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RICHARD R., *Appellant*,

*v.*

DAISY A., I.R., *Appellees*.

No. 1 CA-JV 20-0039
FILED 07-28-2020

Appeal from the Superior Court in Maricopa County
No. JS519156
The Honorable Veronica W. Brame, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

_____

**G A S S**, Judge:

**¶1** Richard R. (father) appeals the superior court's order terminating his parental rights to I.R., his biological child. Because reasonable evidence supports the order, the superior court is affirmed.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2** This court views the evidence, and reasonable inferences to be drawn from it, in the light most favorable to sustaining the superior court's decision. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002).

**¶3** Father has a history of drug abuse and violence against Daisy A. (mother). Mother gave birth to I.R. by cesarean section in September 2016. Approximately one month later, while mother was recovering, father threw mother to the floor and then picked her up and carried her over his shoulder, damaging the staples in her stomach. As a result, mother and father separated. Mother contacted the police but did not pursue charges.

**¶4** In December 2016, father broke into mother's home, and "took [I.R.] and he put her in the back of the car" without a car seat. When mother attempted to stop father, "he said that if [mother] didn't get in the car he would run [her] over and leave with [I.R.] to California." Father later told mother he "was really high on meth" during this incident.

**¶5** Following this incident, mother obtained an order of protection against father. Mother did not include I.R. in the order of protection, allowing father to see the child and contact mother for issues related to I.R. Father, nonetheless, made little effort to develop a relationship with the child and offered no financial support.

**¶6** In the spring of 2017, in violation of the protective order, father began to send mother threatening messages. He threatened to "remove [I.R.] from [mother's] life," and to kill mother's then boyfriend, now husband. He also threatened mother. In May 2017, mother obtained a

revised protective order prohibiting father from having any contact with her or I.R.

¶7        In early 2018, father moved to California after several unknown individuals assaulted him, possibly over a drug debt. Father had no contact with mother or I.R. until September 2018, when he again violated the protective order by accompanying paternal grandmother on a visit with I.R. In January 2019, mother obtained a third protective order, and petitioned to terminate father's parental rights under A.R.S. § 8-533 on several grounds, including abandonment and chronic drug abuse.

¶8        The superior court held a contested severance hearing in October 2019, issuing its ruling in January 2020. The superior court found mother proved, by clear and convincing evidence, the statutory grounds of abandonment and chronic drug abuse. The superior court also found, by a preponderance of the evidence, terminating father's parental rights was in I.R.'s best interests. Father timely appealed. Jurisdiction is proper under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235.A, 12-120.21.A.1, and Ariz. R. Juv. P. 103(A).

## ANALYSIS

### I.        Reasonable evidence establishes the termination of father's parental rights was proper.

¶9        A superior court may sever a parent's rights if clear and convincing evidence establishes at least one statutory ground. *See* A.R.S. § 8-533.B; *see also Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000).

¶10        Father argues the "very sparse testimony at trial" regarding his drug use "does not equate to clear and convincing evidence . . . that he is unfit to parent due to chronic substance abuse." Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights if reasonable evidence supports the order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (internal citations omitted).

¶11        As used in subsection 8-533.B, chronic means "lasting a long time, long-continued, lingering, and inveterate." *See Raymond F. v. Ariz. Dep't. of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 16 (App. 2010). Drug abuse need not be constant to be considered chronic. *Id.* As the superior court rightly noted, "temporary abstinence from drugs or alcohol does not outweigh a

significant history of abuse or consistent inability to abstain during the case." "Moreover, children should not be forced to wait for their parent to grow up. Accordingly, a child's interest in permanency must prevail over a parent's uncertain battle with drugs." *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 17 (App. 2016) (internal citations omitted).

**¶12** Father testified he "never used illegal drugs." The superior court, however, found father was "not credible and his testimony was inconsistent with the exhibits present at trial." Specifically, father frequently posted to social media about narcotics he was selling, and he was convicted in 2013 of felony sale of marijuana. Father was also arrested and charged with possession of marijuana in May 2019 and had three additional felony drug charges pending at the time of the severance hearing. Father's failure to abstain from drug abuse—despite this pending severance—"is evidence he has not overcome his dependence on drugs." *See Raymond F.*, 224 Ariz. at 379, ¶ 29.

**¶13** Because evidence supports the superior court's termination of father's rights based on chronic drug abuse, this court "need not address [his] claims pertaining to the other grounds" for severance. *See Jesus M.*, 203 Ariz. at 280, ¶ 3.

## II. Reasonable evidence establishes termination was in the child's best interests.

**¶14** The superior court also must find, by a preponderance of the evidence, termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005). Here, mother had to show either "the child will benefit from termination of the relationship or that the child would be harmed by continuation of the parental relationship." *See Mario G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 282, 288, ¶ 26 (App. 2011).

**¶15** When reasonable evidence supports the statutory grounds for termination, a child's "interest in stability and security" is the superior court's main concern. *See Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 15 (2016). Once the superior court finds the existence of a statutory ground for termination, it may "presume that the interests of the parent and child diverge." *Alma S. v. Ariz. Dep't of Child Safety*, 245 Ariz. 146, 150, ¶ 12 (2018). In "most cases, the presence of a statutory ground will have a negative effect on the children." *See Maricopa Cty. Juv. Action No. JS-6831*, 155 Ariz. 556, 559 (App. 1988).

**¶16** In analyzing best interests, the superior court "focuses primarily upon the interests of the child, as distinct from those of the

parent." *See Kent K.*, 210 Ariz. at 287, ¶ 37. This assessment must balance the child's rights against those of the unfit parent. "At this stage, the child's interest in obtaining a loving, stable home, or at the very least avoiding a potentially harmful relationship with a parent, deserves at least as much weight as that accorded [to] the interest of the unfit parent in maintaining parental rights." *Id.*

¶17          Here, reasonable evidence supports the superior court's best interests finding. Father had a limited relationship with I.R. from the time she was born, had not provided financially for I.R., and took no affirmative steps to protect his parental rights. In addition, father engaged in multiple acts of domestic violence against mother and threatened violence against stepfather.

¶18          In contrast, stepfather has been a consistent, supportive presence throughout I.R.'s life. In 2018, stepfather married mother. He has formed a positive relationship with I.R., is meeting her on-going needs, and plans to adopt her. "When a current placement meets the child's needs and the child's prospective adoption is otherwise legally possible and *likely*, a [superior] court may find that termination of parental rights, so as to permit adoption, is in the child's best interests." *See Demetrius L.*, 239 Ariz. at 4, ¶ 12 (emphasis added).

## CONCLUSION

¶19          For the above reasons, this court affirms the termination of father's parental rights.

